# Exhibit 1

## Class Action Settlement Agreement

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Welch Foods Inc. and Curtis Hanson ("Class Representative") on behalf of himself and the Class (defined below) (collectively the "Parties"), in the matter of *Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS (N.D. Cal.) ("*Hanson*" or the "Action"). Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, the Parties hereby agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a final Judgment and Final Approval Order and the occurrence of the Effective Date, this Action shall be settled and resolved in full upon the terms and conditions contained herein. Capitalized terms used herein are defined in Section 1 of this Agreement or defined in parentheses elsewhere in this Agreement.

WHEREAS, on March 23, 2020, the Class Representative commenced the Action (as defined below) in the United States District Court for the Northern District of California alleging, among other things, that Welch engaged in false and misleading advertising and labeling of the Class Products (defined below) as helping to support a healthy heart. The Complaint includes claims for violations of California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 et seq.), Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.), breach of express warranty, and breach of the implied warranty of merchantability;

WHEREAS, Welch contends that the labeling and marketing of the Class Products has at all times been truthful and in full compliance with all applicable laws, rules, and regulations;

WHEREAS, Welch denies any wrongdoing of any kind whatsoever, and specifically denies the allegations in the Action, including those set forth in the Complaint and First Amended Complaint;

WHEREAS, Welch and the Class Representative on behalf of the Class (as defined below) wish to resolve any and all past, present, and future claims the Class has or may have against Welch on a nationwide basis as they relate to the allegations in the Action regarding the Class Products;

WHEREAS, the Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action on the terms and subject to the conditions set forth below;

WHEREAS, Class Counsel (as defined below) have determined that a settlement of the Action on the terms reflected in this Agreement is fair, reasonable, adequate, and in the best interests of the Class Representative and the Class; and

WHEREAS, Welch, to avoid the costs, disruption and distraction of further litigation, and denying the allegations of wrongdoing made in the Action, or any liability or fault with respect

thereto, has concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## 1     DEFINITIONS

As used in this Agreement and the attached exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference) the following capitalized terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise:

1.1.     "Action" means the matter of *Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS (N.D. Cal.).

1.2.     "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement (including all exhibits attached hereto).

1.3.     "Claim" means a request for relief submitted by or on behalf of a Class Member on a Claim Form to the Class Administrator in accordance with the terms of the Agreement.

       (a)     "Approved Claim" means a Claim approved by the Class Administrator, according to the terms of this Agreement.

       (b)     "Claimant" means any Class Member who submits a Claim Form for the purpose of claiming benefits, in the manner described in Section 5 of this Agreement.

       (c)     "Authorized Claimant" means a Claimant with an Approved Claim.

       (d)     "Claim Form" means the form to be used by or on behalf of a Class Member to submit a Claim to the Class Administrator.

       (e)     "Claims Deadline" means the date by which a Claim Form must be postmarked or submitted online to the Class Administrator to be considered timely.  The Claims Deadline shall be stated in the Class Notice, the Settlement Website, and in the Claim Form, and shall be no later than sixty-three (63) calendar days after the Notice Date.

       (f)     "Claims Process" means the process by which Class Members may submit Claims, as described in Section 5 of this Agreement.

1.4.     "Class" or "Settlement Class" means all persons in the United States who, between March 23, 2016 and October 1, 2021 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, one of the Class Products, as defined below.  Excluded from the Class are: (i) those who purchased the Class Products for purpose of resale or distribution; (ii) Welch and its officers, directors and employees; (iii) any person who files a valid and timely Request for Exclusion; and (iv) the Judge to whom this Action is

assigned and any members of his immediate family.

1.5.    "Class Member" or "Settlement Class Member" means any person who is a member of the Class.

1.6.    "Class Period" means March 23, 2016 to October 1, 2021.

1.7.    "Class Products" means any of the following:

        (a)    Welch's 100% Grape Juice Concord Grape

        (b)    Welch's 100% Juice Red Sangria

        (c)    Welch's 100% Black Cherry Concord Grape Juice

1.8.    "Class Administrator" means the independent company retained by Class Counsel, with Welch's consent, and approved by the Court, to help design and to implement the program for disseminating the Class Notice, and to administer the Claims Process.

1.9.    "Claims Administration" means the administration of the Claims Process by the Class Administrator.

1.10.    "Class Counsel" means the following attorney of record for the Class Representative and Class in the Action, unless otherwise modified by the Court:

        Jack Fitzgerald
        Fitzgerald Joseph LLP
        2341 Jefferson Street, Suite 200
        San Diego, California 92110
        Phone: (619) 215-1741

1.11.    "Class Notice" means the forms of notice to be disseminated to Class Members pursuant to the Notice Plan informing them of the Settlement, including both the Long Form Notice and the Short Form Notice, and the substance of those documents.

        (a)    "Long Form Notice" refers to the proposed full Class Notice that is attached to this Agreement as Exhibit 1, which is subject to Court approval and revision at the Court's order without affecting the enforceability of the remainder of the Agreement.

        (b)    "Short Form Notice" refers to the proposed summary Class Notice that is attached to this Agreement as Exhibit 2, which is subject to Court approval and revision at the Court's order without affecting the enforceability of the remainder of the Agreement.

1.12.    "Class Representative" means named plaintiff Curtis Hanson.

1.13.    "Court" means the United States District Court for the Northern District of

California, the Honorable Joseph C. Spero presiding, and any other Judge assigned to preside over this Action.

1.14.    "Defendant" or "Welch" means Welch Foods Inc., the defendant in the Action.

1.15.    "Defendant's Counsel" or "Welch's Counsel" means Proskauer Rose LLP.

1.16.    "Effective Date" means the date on which the Judgment becomes final.  For purposes of this definition, the Judgment shall become final on the later in time of: (a) the date of expiration of the time for filing or noticing any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, the date of such affirmance or dismissal; or (c) if a petition for certiorari seeking review of the appellate judgment is filed and denied, the date the petition is denied; or (d) if a petition for writ of certiorari is filed and granted, the date of final affirmance or final dismissal of the review proceeding initiated by the petition for a writ of certiorari.  Any proceeding or order, or any appeal or petition for review pertaining solely to any application for the Fee Award will not in any way delay or preclude the Judgment from becoming final.

1.17.    "Fee Award" means the attorneys' fees and costs that may be awarded by the Court to compensate Class Counsel, which will be paid out of the Settlement Fund, as described in Section 7 of this Agreement.

1.18.    "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine whether to grant final approval of the Settlement.

1.19.    "Final Approval Order" means the order to be submitted to and entered by the Court in connection with the Motion for Final Approval and the Final Approval Hearing, substantially in the form attached hereto as Exhibit 3, which is subject to Court approval and revision at the Court's order without affecting the enforceability of the remainder of the Agreement.

1.20.    "Judgment" means the final judgment entered by the Court pursuant to Federal Rule of Civil Procedure 58, substantially in the form attached hereto as Exhibit 4, which is subject to Court approval and revision at the Court's order without affecting the enforceability of the remainder of the Agreement.

1.21.    "Motion for Final Approval" means the motion filed with the Court for final approval of the Settlement.

1.22.    "Motion for Preliminary Approval" means the motion filed with the Court for preliminary approval of the Settlement.

1.23.    "Notice and Other Administrative Costs" means all costs and expenses actually incurred by the Class Administrator in administering the Settlement, including but not limited to: all costs and expenses associated with the publication of Class Notice; establishment of the Settlement Website; providing CAFA notice; processing, handling, reviewing, and paying Approved Claims; and paying taxes and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses

incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants). All such costs and expenses are to be paid from the Settlement Fund. This includes all taxes on the income of the Settlement Fund, and any costs or expenses incurred in connection with the taxation of the Settlement Fund, all of which shall be paid out of the Settlement Fund, and shall be considered to be a Notice and Other Administrative Cost, which shall be timely paid by the Class Administrator. The Parties shall have no liability or responsibility for the payment of any such taxes.

1.24. "Notice Plan" means the plan for dissemination of Class Notice to be submitted to the Court in connection with the Motion for Preliminary Approval.

1.25. "Notice Date" means the date by which the Class Administrator is required to commence dissemination of the Class Notice as described in Section 9 below, and shall be no later than twenty-one (21) calendar days after the date the Court enters the Preliminary Approval Order.

1.26. "Objection Deadline" means the date by which Class Members must file with the Court a written statement objecting to any terms of the Settlement or to Class Counsel's request for fees or expenses, and shall be no later than sixty-three (63) calendar days after the Notice Date.

1.27. "Opt-Out Deadline" means the postmark date by which a Class Member must submit his or her Request for Exclusion to the Class Administrator to opt out of the Settlement and not release his or her claims as part of the Released Claims, and shall be no later than sixty-three (63) calendar days after the Notice Date.

1.28. "Party" or "Parties" means the Class Representative, on behalf of the Class, and Welch.

1.29. "Person" means any individual, corporation, partnership, association, or any other legal entity.

1.30. "Plaintiff" means the Class Representative, individually and on behalf of the Class.

1.31. "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

1.32. "Preliminary Approval Order" means the order to be submitted to and entered by the Court in connection with the Motion for Preliminary Approval, substantially in the form attached hereto as Exhibit 5, which is subject to Court approval and revision at the Court's order without affecting the enforceability of the remainder of the Agreement.

1.33. "Proof of Purchase" means documentation or other evidence reasonably establishing that a Claimant purchased the claimed number of Class Products within the Class Period.

1.34. "Released Claims" or "Released Claim" means any and all actions, causes of

action, claims, demands, rights, suits, liabilities, debts, dues, sum of money, accounts, controversies, promises, trespasses, damages, judgments, liens, losses, obligations, demands, reckonings, bonds, bills, specialties, variances, trespasses, costs, expenses, penalties, attorneys' fees, injunctive and/or declaratory relief whatsoever in law or in equity, existing under federal statutory or common law, state statutory or common law, local statutory or common law, whether known or unknown, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, absolute or contingent, joint or several, and whether arising now or in the future, that any Releasing Party has or may have against the Released Parties that (i) relate to the Class Products (except for any claim for personal injury), (ii) arise out of or relate to the facts alleged or the claims asserted in the Action, (iii) are based on the identical factual predicate as that underlying the claims in the Action, or (iv) depend on the same set of facts alleged in the Action, which have been or which could have been asserted in the Action, and that have been brought, could have been brought, or are currently pending in any forum in the United States. The scope of the Released Claims shall be the broadest permitted by law, but is not intended to go beyond that scope.

1.35.    "Released Parties" or "Released Party" means Welch, together with its affiliates, predecessors, successors, assigns, parents, subsidiaries, divisions, and departments, and any and all of their past, present and future officers, executives, officials, principals, directors, employees, stockholders, members, heirs, partners, agents, servants, successors, advisors, attorneys, accountants, financial advisors, insurers, representatives, licensees, licensors, retailers, resellers, manufacturers, distributors, suppliers, subrogees, trustees, executors, administrators, insures, reinsurers, accountants, actuaries, fiduciaries, consultants, representatives and assigns, and any other Person acting on Welch's behalf. It is expressly understood that, to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

1.36.    "Releasing Parties" or "Releasing Party" means (i) the Class Representative, (ii) all other Class Members who do not exclude themselves from the Settlement, (iii) the Class Representative's and/or other participating Class Members' respective past or present parents, predecessors, successors, assigns, heirs, beneficiaries, representatives, affiliates, divisions, business units, subsidiaries, (iv) any entities in which the Class Representative and/or other participating Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, and any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of the Class Representative and/or any other Class Member, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities.

1.37.    "Request for Exclusion" means the written submission that must be submitted to the Class Administrator and postmarked on or before the Opt-Out Deadline, consistent with the terms of this Agreement, by a Class Member who wishes to be excluded from the Settlement.

1.38.    "Service Award" means any award approved by the Court to be paid to the Class Representative from the Settlement Fund.

1.39.     "Settlement" means the resolution of this Action in accordance with the terms of this Agreement.

1.40.     "Settlement Fund" means the qualified settlement fund to be funded by Welch in accordance with Section 4 below, which is in the form of a non-reversionary common fund and is established in accordance with 26 C.F.R. §§ 1.468B-1(c) and (e)(1).

1.41.     "Settlement Payment" means the amount to be paid to Authorized Claimants, as set forth in Section 5 below.

1.42.     "Settlement Website" means the Internet website to be established and maintained by the Class Administrator to provide information to the Class about the Settlement and to permit Class Members to submit Claims online.

1.43.     Other capitalized terms in this Agreement but not defined in Section 1 shall have the meanings ascribed to them elsewhere in this Agreement.

## 2     CERTIFICATION OF THE CLASS

2.1.     This Agreement is for settlement purposes only, and neither the fact of nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute or be construed as an admission of:  (a) the validity of any claim or allegation by Plaintiff, or of any defense asserted by Welch, in the Action or (b) any wrongdoing, fault, violation of law, or liability on the part of any Party, Released Party, Class Member, or their respective counsel.

2.2.     As part of the Motion for Preliminary Approval, Plaintiff will seek certification of the Class.  Welch hereby consents, solely for purposes of the Settlement, to the certification of the Class, to the appointment of Class Counsel, and to the approval of Plaintiff as a suitable representative of the Class; provided, however, that if the Court fails to approve this Settlement or the Settlement otherwise fails to be consummated, then Welch's consent given in this provision shall be null and void and Welch shall retain all rights it had immediately preceding the execution of this Agreement, including, without limitation, the right to object to all of the matters to which it is consenting in this provision and Agreement.

## 3     DISMISSAL OF LITIGATION

3.1     Upon final approval of this Settlement by the Court, a Final Approval Order substantially in the form attached hereto as Exhibit 3, or in the form of a written decision and Order, will be entered by the Court, providing for the dismissal of this Action with prejudice.

## 4     SETTLEMENT FUND

4.1     Welch agrees to fund into the Settlement Fund the amount of $1,500,000 U.S., which shall be used to pay all Settlement expenses, including but not limited to any Notice and Other Administrative Costs, Fee Award, Service Award, and Settlement Payment.

4.2     The Class Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant

to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Class Administrator operating as administrator of the Settlement Fund shall be considered Notice and Other Administrative Costs and shall be borne solely by the Settlement Fund. Any interest proceeds and/or income earned by the Settlement Fund shall remain in the Settlement Fund and be used to pay Settlement expenses.

4.3     The Settlement Fund at all times will be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Defendant with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), will be paid out of the Settlement Fund. Defendant and its counsel, and Plaintiff and Class Counsel, will have no liability or responsibility for any of the Taxes. The Settlement Fund will indemnify and hold Defendant and its counsel, and Plaintiff and Class Counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

4.4     Within ten (10) calendar days after entry of the Preliminary Approval Order, Welch shall pay $1,500,000 U.S. into the qualified Settlement Fund established by the Class Administrator.

4.5     All Settlement Payments, Fee Awards, Service Awards, and Notice and Other Administrative Costs shall be paid from the Settlement Fund. Any funds that remain in the Settlement Fund after such payments shall be donated *cy pres* to the American Heart Association, subject to Court approval or, if not approved by the Court, to one or more other Court-approved non-sectarian, not-for-profit firms whose work is sufficiently tethered to the allegations in this Action.

4.6     In the event the Court does not grant final approval of the Settlement, or the Settlement is otherwise overturned or fails to be carried out in accordance with the terms of this Agreement, all funds in the qualified Settlement Fund shall be promptly returned to Welch. In the event the Court denies final approval of the Settlement or it is overturned on appeal, such funds shall be returned to Welch within twenty-one (21) calendar days of the Court's denial or the decision overturning the Settlement.

## 5     CLAIMS PROCESS

5.1     To receive a Settlement Payment, a Class Member must complete a Claim Form online or in hard copy and submit it to the Class Administrator by the Claims Deadline. The Class Administrator shall review and process the Claims in accordance with the guidelines set forth below.

5.2     The Claim Form will be distributed as part of the Notice Plan as described below, will be available on the Settlement Website, and may be submitted to the Class Administrator online through the Settlement Website or by U.S. mail or other regularly maintained mail

delivery service.

5.3    Claim Forms must be submitted or postmarked on or before the Claims Deadline to be considered timely.  The Claims Deadline will be clearly and prominently stated in the Preliminary Approval Order, the Class Notice, on the Settlement Website, and on the Claim Form.

5.4    On the Claim Form, each Claimant will be required to provide customary identifying information, including the Claimant's name, address, email address, and telephone number.  In addition, each Claimant will be required to identify which of the Class Products he or she has purchased during the Class Period.  For each Class Product, the Claimant will be required to state the total number of such product(s) he or she purchased during the Class Period, and the approximate date(s) of purchase.  The Claim Form may also request additional information from Claimants to provide reasonable bases for the Class Administrator to monitor for and detect fraud.  Such additional information may include, for example, retailers and locations (city and state) at which the Claimant purports to have purchased the Class Products.  In addition, the Claim Form will require the Claimant to declare that the information provided is true and correct to the best of the Claimant's memory and knowledge.

5.5    A maximum of one Claim Form may be submitted for each household.  The Class Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same household ("Duplicate Claim Forms").  The Class Administrator shall designate any such Duplicate Claim Forms as invalid Claims.

5.6    The Class Administrator shall be responsible for reviewing all claims to determine their validity.  The Class Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or with the terms of this Section 5, that is submitted via a Claim Form that is not reasonably complete or does not contain sufficient information to entitle the Claimant to a Settlement Payment or to enable the mailing of the Settlement Payment to the Claimant, that is submitted or postmarked after the Claims Deadline, or that the Class Administrator identifies as fraudulent.  The Class Administrator shall retain sole discretion in accepting or rejecting Claims and shall have no obligation to notify Claimants of rejected Claims unless otherwise ordered by the Court.

5.7    The Class Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claim process.  The Class Administrator may, in its discretion, deny in whole or in part, any Claim to prevent actual or possible fraud or abuse.

5.8    The Class Administrator shall provide periodic updates to Class Counsel and Defendant's Counsel regarding the status of Claim Form submissions beginning not later than fourteen (14) days after the Notice Date and continuing on a bi-weekly basis thereafter.

5.9    Class Members who submit a timely and valid Claim Form approved by the Class Administrator shall be designated as Authorized Claimants.

5.10    Subject to Sections 5.11 and 5.12 below, an Authorized Claimant is entitled to a Settlement Payment of $1 for each Class Product he or she purchased during the Class Period, up

to 12 products, without the need to present Proof of Purchase.

5.11    Claimants seeking a Settlement Payment for the purchase of more than 12 Class Products during the Class Period will need to show Proof of Purchase to be eligible for payment exceeding $12.  An Authorized Claimant with Proof of Purchase is entitled to a Settlement Payment of $1 for each Class Product he or she purchased during the Class Period, up to the number of products shown in his or her Proof of Purchase, regardless of the number, and even if in excess of 12.

5.12    If the total value of all Approved Claims is less than or exceeds the funds available for distribution to Class Members in the Settlement Fund after all other expenses have been deducted, then the amounts of the Settlement Payments will be increased or reduced *pro rata*, as necessary, to use all funds available for distribution to Class Members.  All payments to Class Members will be made in a single distribution, and any such *pro rata* adjustment will be calculated prior to the distribution of funds.

5.13    The Class Administrator shall pay out Approved Claims in accordance with the terms of this Agreement commencing no earlier than the later of (i) thirty (30) days after the Claims Deadline and (ii) thirty (30) days after the Effective Date.  The Parties shall work with the Class Administrator to choose a manner of payment that is secure, cost-effective, and convenient for Authorized Claimants.

5.14    Any person that receives a Settlement Payment will be solely responsible for any taxes or tax-related expenses owed or incurred by that person by reason of that Settlement Payment.  Such taxes and tax-related expenses will not be paid from the Settlement Fund.  In no event will Welch, the Class Representative, Class Counsel, the Class Administrator, or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the issuance of Settlement Payments or other payments made from the Settlement Fund to the Class Representative, Class Members, or any other person or entity.

5.15    Those Authorized Claimants whose payments are not cleared within one hundred and eighty (180) days after issuance will be ineligible to receive a Settlement Payment and the Class Administrator will have no further obligation to make any payment from the Settlement Fund to such Authorized Claimants.

5.16    The Class Administrator shall provide periodic reports to Class Counsel and Defendant's Counsel regarding the implementation of the Agreement and this Claims Process.

5.17    The Class Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Class Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel.

## 6    INJUNCTIVE RELIEF

6.1    For a period of at least two (2) years (the "Refrain From Use Period"), Welch agrees to refrain from using on the labels of the Class Products the claims "helps support a healthy heart" and "helps promote a healthy heart," as well as any substantially identical claim,

subject to Section 6.5.

6.2     The obligation to begin the Refrain From Use Period shall not arise until one (1) year following the Effective Date, provided that Welch may elect to begin the Refrain From Use Period earlier.

6.3     Prior to the start of the Refrain From Use Period, Welch shall be permitted to continue to print the current labels for the Class Products in the normal course of business, and to ship Class Products bearing those labels. Moreover, Welch shall be permitted to sell through all inventory bearing the current labels even after the Refrain From Use Period begins (in which case, both the current and modified labels might be in the marketplace for some overlapping period of time). If Welch experiences supply chain issues with the printing of labels in accordance with Section 6.1, so long as Welch provides Class Counsel with representations concerning the supply chain issues (which Welch may provide to Class Counsel confidentially), the obligation to begin the Refrain From Use period under Section 6.2 shall not arise until eighteen (18) months following the Effective Date.

6.4     If Class Counsel on behalf of the Class Representative believes Welch is in breach of any of the injunctive relief provisions set forth in this Section, they shall be obligated to give Welch reasonable notice and a reasonable opportunity to cure following a "meet and confer" conference before seeking any related relief.

6.5     Nothing in this Agreement shall preclude Welch from using, in compliance with 21 C.F.R. § 101.75, an authorized health claim regarding the link between diets low in saturated fat and cholesterol and reduction in the risk of cardiovascular disease, if the Class Products qualify for such a claim under 21 C.F.R. § 101.75.

## 7    ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

7.1     At least 35 days before the Objection Deadline, Class Counsel and the Class Representative shall file a motion, set for hearing on the same date as the Final Approval Hearing, requesting a Fee Award and Service Award, to be paid from the Settlement Fund.

7.2     The Class Administrator shall pay to Class Counsel from the Settlement Fund the Fee Award within twenty-one (21) calendar days of entry of the Judgment and the Final Approval Order, notwithstanding the filing of any appeals, or any other proceedings which may delay the Effective Date of the Settlement, subject to Class Counsel providing all payment routing information and tax ID numbers for Class Counsel, and the completion of necessary forms, including but not limited to W-9 forms.  Payment of the Fee Award will be made from the Settlement Fund by wire transfer to Class Counsel in accordance with the wire instructions to be provided by Class Counsel.

7.3     Notwithstanding the foregoing, if for any reason, the Fee Award is overturned, reduced, vacated, or otherwise modified, Class Counsel shall be obligated to return within thirty (30) calendar days any difference between the amount of the original award and any reduced award.

7.4     Any Service Award approved by the Court for the Class Representative shall be

11

paid by the Class Administrator from the Settlement Fund in the form of a check to the Class Representative that is sent care of Class Counsel, or other method authorized by Class Counsel on behalf of the Class Representative, within the earlier of thirty (30) days after the Effective Date, or the date the Class Administrator begins making distributions of Settlement Payments to Authorized Claimants.

7.5     The payment of the Fee Award and Service Award are subject to and dependent upon the Court's approval as set forth above.  However, this Settlement is not dependent or conditioned upon the Court's approving Class Counsel's and the Class Representative's requests for such payments or awarding the particular amounts sought by Class Counsel and the Class Representative.  In the event the Court declines Class Counsel's or the Class Representative's requests, or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties, provided however, that the Class Representatives and Class Counsel retain the right to appeal any decision by the Court regarding the Fee Award and Service Award, even if the Settlement is otherwise approved by the Court.

## 8    CLASS ADMINISTRATOR

8.1     Class Counsel, with Welch's consent and the Court's approval, will retain a Class Administrator, to help implement the terms of the Agreement and the Settlement.

8.2     The Class Administrator shall assist with various administrative tasks, including, without limitation: (1) establishing and operating the Settlement Fund, (2) arranging for dissemination of the Class Notice pursuant to the Notice Plan agreed to by the Parties and approved by the Court, (3) making any mailings required under the terms of this Agreement or any Court order or law, including handling returned mail, (4) answering oral and written inquiries from Class Members and/or forwarding such inquiries to Class Counsel or their designee, (5) receiving and maintaining any Requests for Exclusion, (6) establishing a Settlement Website, (7) establishing a toll-free informational telephone number to provide settlement-related information to Class Members, (8) receiving and processing Claims (including monitoring for fraud and validating or rejecting such Claims) and distributing payments to Authorized Claimants, (9) providing regular updates on the claims status to counsel for all Parties, (10) distributing payment of any Fee Award to Class Counsel under the terms of this Agreement, (11) distributing payment of any Service Award to the Class Representative under the terms of this Agreement, and (12) otherwise assisting with administration of the Settlement.

8.3     The Class Administrator shall make all reasonable efforts to abide by the following standards:

(a) The Class Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the terms of the Settlement in communications with Class Members;

(b) The Class Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Welch and/or Welch's Counsel.

      (c) The Class Administrator shall keep a clear and careful record of all communications with Class Members, all Claims decisions, all expenses, and all tasks performed in administering the notice and Claims review processes.

## 9   NOTICE

9.1     Dissemination of Class Notice will be effectuated through targeted internet and social-media based advertisements.  The Class Notice will conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and will otherwise be in the manner and form approved by the Parties and the Court.  Copies of the proposed forms of Class Notice are attached as Exhibits 1 and 2.  Class Notice shall be disseminated pursuant to the Notice Plan agreed upon by the Parties and submitted to the Court in connection with the Motion for Preliminary Approval.  The costs of such notice will be paid from the Settlement Fund and will be deemed a Notice and Other Administrative Cost.

9.2     The Class Administrator will commence disseminating Class Notice no later than twenty-one (21) calendar days following the Court's entry of the Preliminary Approval Order (the "Notice Date").

9.3     At or prior to the Final Approval Hearing, at the request of either Class Counsel or Welch's Counsel, the Class Administrator shall provide the Court with an affidavit attesting that Class Notice was disseminated pursuant to the Notice Plan.

9.4     To the extent required under CAFA, the Class Administrator, on behalf of Welch, will serve notice upon the appropriate federal and state officials to inform them about the proposed Settlement.  *See* 28 U.S.C. § 1715(b). The costs of such notice will be paid from the Settlement Fund and will be deemed a Notice and Other Administrative Cost.

## 10  OBJECTIONS

10.1     Any Class Member who intends to object to the fairness of the Settlement must do so in writing and file his or her written objection with the Court on or before the Objection Deadline for the objection to be considered timely.

10.2     Any objection to the Settlement must include: (a) a caption or title that clearly identifies the Action and that the document is an objection; (b) the objector's name, address, telephone number, email or, if represented by counsel, the name, address, telephone number and email of his or her counsel; (c) information sufficient to establish the objector's standing as a Class Member; (d) a statement indicating whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection, including any facts and/or law supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; (g) the name and case number for all actions in which the objector has objected to a class action settlement in the past five (5) years; (h) the objector's signature, and (i) if the objector is represented by counsel, the signature of objector's counsel (the "Objection").

10.3     Any Class Member who files a timely written Objection, as described in the

preceding paragraphs ("Objecting Class Member"), and only those Class Members, may appear and be heard at the Final Approval Hearing, either directly or through counsel hired at the objecting Class Member's own expense.  If not stated in the Objection, Objecting Class Members or their attorneys who intend to appear at the Final Approval Hearing must file with the Court a Notice of Intent to Appear no later than twenty (20) days before the Final Approval Hearing, or as the Court may otherwise direct.

    10.4    Upon Court order, the Parties will have the right to obtain document discovery from and take depositions of any Objecting Class Member on topics potentially relevant to their Objection.

    10.5    The Parties, either individually or jointly, may, but are not required to respond in writing to any Objection. Any such written responses shall be due the same day as the Motion for Final Approval, or as otherwise ordered by the Court.

    10.6    Any Class Member who fails to comply with the provisions of this Section shall waive and forfeit any and all rights he or she may have to appear separately in this Action and/or to object to the Settlement.

## 11  REQUESTS FOR EXCLUSION

    11.1    Class Members who wish to opt out of and be excluded from the Settlement must submit a written Request for Exclusion to the Class Administrator, postmarked or submitted online no later than the Opt-Out Deadline.  The Request for Exclusion must be personally completed and submitted by the Class Member or his or her attorney, and so-called "mass" or "class" opt-outs shall not be permitted or recognized.

    11.2    Any Class Member who does not submit a timely, valid written Request for Exclusion shall be bound by this Agreement, the Judgment, the Final Approval Order, and all subsequent proceedings and orders in this Action, including the release in Section 13 below, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the Released Claims.

    11.3    Any Class Member who submits a timely, valid written Request for Exclusion shall be excluded from the Settlement and will not be bound by the terms of this Agreement. Such Class Members will not (a) be bound by any orders or judgments entered in this Action or any other litigations relating to the Agreement; (b) be entitled to any payment from the Settlement Fund; (c) gain any rights by virtue of the Agreement; (d) be entitled to object to any aspect of the Agreement; or (e) be affected by any other aspect of the Agreement.

    11.4    If a Class Member submits both a Request for Exclusion and Objection, the Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Class Member who has not timely submitted a completed Request for Exclusion will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

    11.5    The Class Administrator shall periodically notify Class Counsel and Welch's counsel of any Requests for Exclusion.  The Class Administrator shall also provide Class

Counsel and Welch's Counsel with a final list of all timely, valid Requests for Exclusion within five (5) calendar days after the Opt-Out Deadline. Class Counsel shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

11.6    If more than 350 Class Members submit timely, valid Requests for Exclusion, Welch has the right in its sole discretion, but not the obligation, to terminate the Agreement and revert to the status quo ante, provided, however, that (i) the time for Welch to exercise this right shall expire fourteen (14) calendar days after the Opt-Out Deadline, and (ii) Welch may only exercise the option after meeting and conferring in good faith with Class Counsel.

## 12   PUBLIC STATEMENTS

12.1    The Parties and their counsel will not make any public statements about the Settlement at any time, except (a) in filings and appearances before the Court, (b) through the Class Notice provided through the Class Administrator, and (c) in language agreed-upon in advance by the Parties to be used in responding to any media inquiries or requests for comment, provided, however, that agreement on language shall not be unreasonably withheld by one Party so long as the language proposed by the other Party is non-disparaging.

12.2    For the avoidance of doubt, nothing in this Agreement shall prohibit or restrict Welch from responding to inquiries from customers or consumers with respect to the Settlement, the Action, or the underlying subject matter. Welch shall not be required to obtain consent or agreement from any other Party to respond to such customer or consumer inquiries.

12.3    For the avoidance of doubt, nothing in this Agreement shall prohibit or restrict Class Counsel from responding to inquiries from Class Members with respect to the Settlement, the Action, or the underlying subject matter. Class Counsel shall not be required to obtain consent or agreement from any other Party to respond to such Class Member inquiries.

## 13   RELEASES

13.1    Upon the Effective Date, each and every Releasing Party will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged each of the Released Parties from all Released Claims, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum. Plaintiff agrees and covenants, and each Releasing Party will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any Released Claim, or assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

13.2    The Settlement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties. No Released Party shall be subject to liability of any kind to any Releasing Party with respect to any Released Claim.

13.3    The Parties shall request that the Court include in the Preliminary Approval Order, among other provisions, a provision enjoining the Class Representative, Class Members, and anyone purporting to represent or to pursue claims on behalf of Class Members, from commencing, prosecuting, intervening in, or participating in any claims or causes of action

relating to the Action or the Released Claims against any Released Parties.

13.4     The Parties shall request that the Court include in the Judgment and Final Approval Order, among other provisions, a permanent injunction enjoining all Releasing Parties, and anyone purporting to represent or to pursue claims on behalf of a Releasing Party, from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Action or the Released Claims against any Released Parties.

13.5     With respect to any and all Released Claims, and upon the Effective Date, without further action, for good and valuable consideration, the Plaintiff, on behalf of himself and the Class and as the representative of the Class, shall fully, finally, and forever expressly waive and relinquish with respect to the Released Claims any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

13.6     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged each of the Releasing Parties and their respective counsel, including Class Counsel, for all claims arising out of or relating to the filing, institution, prosecution and resolution of the Action, except to enforce terms and conditions contained in this Agreement.

13.7     Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged each of the Released Parties and their respective counsel for all claims arising out of or relating to the filing, institution, prosecution, defense and resolution of the Action, except to enforce terms and conditions contained in this Agreement.

13.8     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Agreement.

## 14   COURT APPROVAL

14.1     After executing this Agreement, the Parties will submit to the Court the Agreement, and will request that the Court enter the Preliminary Approval Order substantially in the form of the proposed order attached as <u>Exhibit 5</u>.  In the Motion for Preliminary Approval, Plaintiff will request that the Court grant preliminary approval of the proposed Settlement, provisionally certify the Class for settlement purposes and appoint Class Counsel, approve the forms of Notice and find that the Notice Plan satisfies due process and Rule 23 of the Federal Rules of Civil Procedure, and schedule a Final Approval Hearing to determine whether the

Settlement should be granted final approval, whether an application for attorneys' fees and costs should be granted, and whether an application for a service award should be granted.

14.2    A Final Approval Hearing to determine final approval of the Agreement shall be scheduled no sooner than 116 calendar days after the Preliminary Approval Date, or another date ordered by the Court.  If the Court issues the Preliminary Approval Order and all other conditions precedent of the Settlement have been satisfied, no later than fourteen (14) calendar days before the Final Approval Hearing and eighteen (18) calendar days after the Objection Deadline, the Parties will request, individually or collectively, that the Court enter a Final Approval Order substantially in the form of the proposed order attached as Exhibit 3, with Class Counsel filing a memorandum of points and authorities in support of the motion.  Welch may, but is not required to, file a memorandum in support of the motion.

14.3    This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment and Final Approval Order that finally certifies the Class for the purposes of this Settlement, grants final approval of the Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Failing this, subject to Section 7.5, the Parties will be restored to their respective places in the Action.  In such event, the terms and provisions of this Agreement will have no further force or effect with respect to the Parties and will not be used in this or any other proceeding for any purposes, and any judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

## 15   REPRESENTATIONS AND WARRANTIES

15.1    Welch represents and warrants:  (1) that it has the requisite corporate power and authority to execute, deliver and perform the Agreement and to consummate the transactions contemplated hereby; (2) that the execution, delivery and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Welch; and (3) that the Agreement has been duly and validly executed and delivered by Welch and constitutes its legal, valid and binding obligation.

15.2    Plaintiff represents and warrants that he is entering into the Agreement on behalf of himself individually and as proposed representative of the Class Members, of his own free will and without the receipt of any consideration other than what is provided in the Agreement and disclosed to, and authorized by, the Court.  Plaintiff represents and warrants that he has reviewed the terms of the Agreement in consultation with Class Counsel, he understands the terms of the Agreement, and he believes those terms to be fair and reasonable.

15.3    Class Counsel represent and warrant that they are fully authorized to execute the Agreement on behalf of Plaintiff, individually and as representative of the Class.

15.4    The Parties warrant and represent that no promise, inducement or consideration for the Agreement has been made, except those set forth herein.

## 16   NO ADMISSIONS, NO USE

16.1    The Agreement and every stipulation and term contained in it is conditioned upon

final approval of the Court and is made for settlement purposes only. Whether or not consummated, this Agreement shall not be: (a) construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of, a presumption, concession or an admission by Plaintiff, Welch, any Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any litigation, or of any liability, fault, wrongdoing or otherwise of such entity; or (b) construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of, a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiff, Welch, any Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement. For the avoidance of doubt, nothing in this Agreement bars Welch from using this Agreement in any way or offering it as evidence in any matter involving any insurance business that may be liable to Welch. Furthermore, nothing in this Agreement bars the Parties from using this Agreement in any way or offering it as evidence in any matter involving the enforcement of the terms of this Agreement.

## 17  MISCELLANEOUS PROVISIONS

17.1    Change of Time Periods: The time periods and/or dates described in this Agreement are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties, without notice to Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

17.2    Time for Compliance: If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

17.3    Entire Agreement:  This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement and shall supersede any previous proposals, negotiations, agreements, representations, communications and understandings among the Parties with respect to the subject matter of the Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or undertaking concerning any part or all of the subject matter of this Agreement has been made or relied upon except as expressly set forth herein.

17.4    Governing Law:  This Agreement shall be interpreted, construed and governed by the laws of the State of California, without regard to laws applicable to choice of law.

17.5    Execution in Counterparts:  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument. Facsimile signatures or signatures scanned to PDF

and sent by e-mail shall be treated as original signatures and shall be binding.

17.6    Notices:  All notices or mailings required by this Agreement to be provided to or approved by Class Counsel and/or Welch, or otherwise made pursuant to this Agreement, shall be provided in writing by first class U.S. Mail and email to:

If to Plaintiff or Class Counsel:

Jack Fitzgerald
*jack@fitzgeraldjoseph.com*
Fitzgerald Joseph LLP
2341 Jefferson Street, Suite 200
San Diego, California 92110


If to Welch:

Baldassare Vinti
*bvinti@proskauer.com*
Proskauer Rose LLP
11 Times Square
New York, NY 10036


17.7    Stay of Proceedings:  Upon the execution of this Agreement, the Parties shall request that all discovery and other proceedings in the Action be stayed until further order of the Court, except for proceedings that may be necessary to implement the Agreement or comply with or effectuate the terms of this Agreement.

17.8    Good Faith: The Parties acknowledge that each intends to implement the Agreement.  The Parties have at all times acted in good faith and shall continue to, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use reasonable efforts to implement all terms and conditions of this Agreement.

17.9    Binding on Successors:  This Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, assigns, executors, and legal representatives of the Parties to the Agreement and of the Released Parties.

17.10  Arms'-Length Negotiations:  This Agreement settles claims that are contested, and the Parties agree that the terms and conditions of this Agreement were negotiated in good faith and at arms' length by the Parties, and reflect an Agreement that was reached voluntarily, after consultation with competent legal counsel.  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel.  Accordingly, this Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.  Any statute or rule of construction that ambiguities are to be construed against the

19

drafting party shall not be applied to this Agreement, and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

17.11   Waiver:  The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

17.12   Variance:  In the event of any variance between the terms of this Agreement and any of the exhibits hereto, the terms of this Agreement shall control and supersede the exhibit(s).

17.13   Exhibits:  All exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

17.14   Taxes:  No opinion concerning the tax consequences of the Agreement to any Class Member is given or will be given by Welch, Welch's Counsel, or Class Counsel; nor is any Party or his or its counsel providing any representation or guarantee respecting the tax consequences of the Agreement as to any Class Member.  Each Class Member is responsible for his/her tax reporting and other obligations respecting the Agreement, if any.

17.15   Modification in Writing:  This Agreement and any and all parts of it may be amended, modified, changed, or waived only by a written instrument signed by duly authorized agents of Welch and Plaintiff.  The Parties contemplate that the exhibits to the Agreement may be modified by subsequent agreement between Welch and Class Counsel, or by the Court. Amendments and modifications to the Agreement may be made without additional notice to the Class Members unless such notice is required by the Court.

17.16   Headings: The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

17.17   Continuing Jurisdiction:  After entry of the Judgment, the Court shall retain continuing and exclusive jurisdiction with respect to (a) the interpretation, implementation and enforcement of the terms of this Agreement, (b) addressing settlement administration matters, and (c) addressing such post-Judgment matters as may be appropriate under court rules or applicable laws.  All Parties hereto submit to the jurisdiction of the Court for such purposes.

[REMAINDER INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, each of the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that

Plaintiff, on behalf of the Class

_____                Dated: ___02 Oct___, 2021
Curtis Hanson


Class Counsel

_____                Dated: ___October 1___, 2021
Jack Fitzgerald
Fitzgerald Joseph LLP
2341 Jefferson Street, Suite 200
San Diego, California 92110


Welch Foods Inc.

_____                Dated: _____, 2021
Name:
Title:


21

IN WITNESS WHEREOF, each of the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all of the undersigned.

**Plaintiff, on behalf of the Class**

_____     Dated: _____, 2021
Curtis Hanson

**Class Counsel**

_____     Dated: _____, 2021
Jack Fitzgerald
Fitzgerald Joseph LLP
2341 Jefferson Street, Suite 200
San Diego, California 92110

**Welch Foods Inc.**

_____     Dated: _____, 2021
Name:
Title:

21

**EXHIBITS**

1.    Long-form Notice

2.    Short-form Notice

3.    Final Approval Order

4.    Final Judgment

5.    Preliminary Approval Order

# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF CLASS ACTION SETTLEMENT**

*Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS (N.D. Cal.)

*The United States District Court has authorized this notice.*
*This is not a solicitation from a lawyer.*

You may be a Class Member entitled to a Cash Refund if between March 23, 2016 and October 1, 2021, you purchased in the United States Welch's (i) 100% Grape Juice Concord Grape, (ii) 100% Juice Red Sangria, or (iii) 100% Black Cherry Concord Grape Juice.

**THIS NOTICE CONCERNS YOUR LEGAL RIGHTS, WHICH ARE AFFECTED WHETHER YOU ACT OR DON'T. PLEASE READ IT CAREFULLY.**

| Summary of Your Legal Rights & Options | |
|---|---|
| **Submit a Claim Form** | **Obtain compensation from the Settlement.**<br>The only way to get a monetary payment.<br>Claim Forms must be submitted online at the Settlement Website, [insert], or mailed to the Class Administrator by [Claim Deadline] |
| **Ask to be Excluded** | **Opt out of the Settlement, get no benefits from it, and retain your claims.**<br>You may ask to be excluded from the Settlement, in which case your individual claims will not be released if the Settlement is approved by the Court. But if you ask to be excluded, you cannot obtain compensation from the Settlement. Requests For Exclusion forms must be submitted online at the Settlement Website, [insert], or mailed to the Class Administrator and postmarked by [Opt-Out Deadline]. |
| **Object** | **Tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate.**<br>You may file with the Court a written objection no later than [Objection Deadline], and/or appear at the Final Approval Hearing to tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate. |
| **Do Nothing** | **Stay in the Settlement, await the outcome, give up certain rights.**<br>By doing nothing, you will get no compensation from the Settlement, and give up any right you may have to sue Welch separately about the same legal claims in this lawsuit. |

Questions? Visit [insert website] or call toll free [insert number]

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**.................................................................................................................... **3**

   1.  Why is there a Notice?............................................................................................ 3

   2.  What is this lawsuit about? .................................................................................... 3

   3.  Why is this a class action? .................................................................................... 3

   4.  Why is there a settlement? .................................................................................... 3

**Who is in the Settlement?**.......................................................................................................... **4**

   5.  How do I know if I am part of the Settlement?..................................................... 4

   6.  What if I am still not sure if I am included in the Settlement? ............................. 4

**What are the Terms of the Settlement?** ................................................................................... **4**

   7.  What types of relief does the Settlement provide? .............................................. 4

   8.  What is the Settlement Fund? .............................................................................. 4

   9.  What can I get from the Settlement?..................................................................... 4

  10.  What am I giving up to get a payment? ................................................................ 5

  11.  How do I make a claim? ....................................................................................... 5

  12.  When will I get my Settlement Payment?............................................................ 5

  13.  What injunctive relief does the Settlement provide? ........................................... 5

**Excluding Yourself from the Settlement**................................................................................. **5**

  14.  How do I get out of the Settlement? .................................................................... 5

  15.  If I don't exclude myself, can I sue Welch for the same thing later? .................. 6

  16.  If I exclude myself, can I still get a Settlement Payment?................................... 6

**Objecting to the Settlement**...................................................................................................... **6**

  17.  How do I tell the Court if I do not like the Settlement?....................................... 6

  18.  What is the difference between objecting and excluding myself?........................ 7

**The Lawyers Representing You** ................................................................................................ **7**

  19.  Do I have a lawyer in the case? ........................................................................... 7

  20.  How will the lawyers be paid?.............................................................................. 7

**Notice and Administration Expenses** ...................................................................................... **8**

  21.  How will notice and administration expenses be paid?........................................ 8

Questions? Visit [insert website] or call toll free [insert number]

**The Court's Final Approval Hearing** ................................................................................. **8**

   22.  When and where will the Court decide whether to approve the Settlement? ..................... 8

   23.  Do I have to come to the hearing? ................................................................................. 8

   24.  May I speak at the hearing? .......................................................................................... 8

**If You Do Nothing** ...................................................................................................... **8**

   25.  What happens if I do nothing at all? ............................................................................. 8

**Getting More Information** ............................................................................................. **9**

   26.  How can I get more information? .................................................................................. 9

## <u>Basic Information</u>

| 1. | Why is there a Notice? |
|---|---|

You have the right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

The court in charge of this case is the United States District Court for the Northern District of California (the "Court"), and the case is called *Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS (N.D. Cal.). The case is assigned to the Honorable Joseph C. Spero. The individual who sued is called the Plaintiff or Class Representative. That person is Curtis Hanson. The company he sued, Welch Foods Inc. ("Welch"), is called the Defendant.

| 2. | What is this lawsuit about? |
|---|---|

The lawsuit alleges Welch's labeling of three 100% juice products with claims that they help support a healthy heart is misleading. Welch denies any and all wrongdoing and has asserted various defenses that it believes are meritorious.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims, all of whom are a Class, or Class members. Bringing a case as a class action allows the adjudication of many similar claims that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a settlement? |
|---|---|

Welch denies that it did anything wrong. Both sides have agreed to a Settlement, which will allow both sides to avoid the risk and cost of further litigation. The Court has not decided in favor of the Class or Welch. The Class Representative and his attorneys think the Settlement is best for the Class.

Questions? Visit [insert website] or call toll free [insert number]

Page 3 of 9

**Who is in the Settlement?**

| **5.      How do I know if I am part of the Settlement?** |
| --- |

The Class includes all persons in the United States who, between March 23, 2016 and October 1, 2021 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, one of the Class Products. The Class Products are the following:

- Welch's 100% Grape Juice Concord Grape

- Welch's 100% Juice Red Sangria

- Welch's 100% Black Cherry Concord Grape Juice

Excluded from the Class are: (i) those who purchased the Class Products for purpose of resale or distribution; (ii) Welch and its officers, directors and employees; (iii) any person who files a valid and timely Request for Exclusion (or "Opt-Out Form"), as explained in response to Question 14 below; and (iv) the Judge to whom this Action is assigned and any members of his immediate family.

| **6.      What if I am still not sure if I am included in the Settlement?** |
| --- |

If you are not sure whether you are a Class Member, or have any other questions about the Settlement, you should visit the Settlement Website, [insert], or call the Class Administrator toll-free at [insert].

**What are the Terms of the Settlement?**

| **7.      What types of relief does the Settlement provide?** |
| --- |

The Settlement provides both monetary and injunctive relief to all Class Members. Class Members who make claims will be entitled to monetary compensation, on a *pro rata* basis, depending on how many Class Products they purchased during the Class Period.

Welch has also agreed to revise the Class Products' labeling to address the Class's claims, as described further in response to Question 13 below.

| **8.      What is the Settlement Fund?** |
| --- |

As part of the Settlement, Welch has agreed to establish a $1,500,000 non-reversionary Settlement Fund to pay all Settlement Expenses, including the costs of Class Notice and Administration, attorneys' fees and costs, a service award for the Class Representative, and Settlement Payments for Class Members who make claims.

| **9.      What can I get from the Settlement?** |
| --- |

Class Members who timely submit a valid approved claim are entitled to compensation. Each timely, valid claimant will receive a Settlement Payment of $1 per product, based on the number of Class Products purchased during the Class Period, up to 12 products without proof of purchase

(and no limit with proof of purchase). However, the actual amount of the Settlement Payment per product each claimant receives is subject to a *pro rata* increase or decrease if the value of the claims is less or more than the Settlement Fund after other Settlement Expenses are deducted.

| | |
|---|---|
| **10.** | **What am I giving up to get a payment?** |

If you are a Class Member, unless you exclude yourself from the Settlement, you cannot sue Welch or its affiliates, continue to sue, or be part of any other lawsuit against Welch or its affiliates about the claims released in this Settlement. It also means that all decisions by the Court will bind you. The Released Claims and Released Parties are defined in the Settlement Agreement and describe the legal claims that you give up (or "release") if you stay in the Settlement. The Released Claims relate to the issues raised in the lawsuit. The Settlement Agreement is available on the Settlement Website, [insert].

| | |
|---|---|
| **11.** | **How do I make a claim?** |

Class Members wishing to make a claim must either (a) visit the Settlement Website, [insert], and submit a claim form online, or (b) print, fill out, and mail the claim form to the Class Administrator at the following address:

[insert address]

**The deadline for submitting a claim is [Claims Deadline].**

| | |
|---|---|
| **12.** | **When will I get my Settlement Payment?** |

Settlement Payments will be made to Class Members who make valid and timely claims after the Court grants "final approval" to the Settlement, and after any appeals are resolved. If the Court approves the Settlement, there may be appeals. It is always uncertain when these appeals will be resolved, and resolving them can take time.

| | |
|---|---|
| **13.** | **What injunctive relief does the Settlement provide?** |

As part of the Settlement, after being given a period of time to make and implement this change, Welch has agreed to remove and, for a period of at least two (2) years, refrain from using on the labels of the Class Products the claims "helps support a healthy heart," "helps promote a healthy heart," or any substantially identical claims.

## Excluding Yourself from the Settlement

| | |
|---|---|
| **14.** | **How do I get out of the Settlement?** |

If you do not want to be bound by the Settlement, you must request to be excluded from the Settlement. If you request to be excluded, you will retain any individual rights you have against Welch and its affiliates and will not be deemed to have individually "released" Welch or its affiliates from any of the Released Claims. However, you will ***not*** be eligible to receive compensation under the Settlement, as described above. You also may not object to the Settlement if you request to be excluded.

Questions? Visit [insert website] or call toll free [insert number]

To exclude yourself (or "opt-out") from the Settlement, you must visit the Settlement Website, [insert], and either complete and submit the Opt-Out Form online, or print, complete, and mail the Opt-Out Form to the Class Administrator at the following address:

[insert address]

**To be timely, an Opt-Out Form must be submitted online or postmarked on or before [Opt-Out Deadline].**

| **15.** | **If I don't exclude myself, can I sue Welch for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any right to sue Welch and its affiliates for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit to determine whether you must exclude yourself from this Settlement to continue your own lawsuit. If you properly exclude yourself from the Settlement, you shall not be bound by any orders or judgments entered in the Action relating to the Settlement.

| **16.** | **If I exclude myself, can I still get a Settlement Payment?** |
|---|---|

No. You will not get any money from the Settlement if you exclude yourself. If you exclude yourself from the Settlement, do not submit a Claim Form asking for benefits.

<u>**Objecting to the Settlement**</u>

| **17.** | **How do I tell the Court if I do not like the Settlement?** |
|---|---|

If you are a Class Member, you can object to the Settlement if you do not think it is fair, reasonable, or adequate, including Class Counsel's motion for an award of attorney's fees and costs and expenses, and/or the requested service award to the Class Representative. The Court cannot order a larger settlement, or award you more based on your individual circumstances; the Court can only approve or deny the Settlement as it is presented.

If you wish to object, your Objection must contain:

(a) The name of this Action (*Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS (N.D. Cal.)), and a statement that the document is an objection;

(b) Your full name, address, email and telephone number or, if objecting through counsel, your lawyer's name, address, email and telephone number;

(c) A statement of the Class Product(s) you bought during the Class Period;

(d) A statement of your objection and the grounds supporting the objection, including any facts and/or law supporting the objection;

(e) Copies of any papers, briefs, or other documents upon which the objection is based;

(f) The name and case number for all actions in which you have objected to a class action settlement in the past five (5) years;

(g) A statement indicating whether you intend to appear at the Final Approval Hearing, either in person or through counsel; and

(h) You and your attorney's signature.

Questions? Visit [insert website] or call toll free [insert number]

To be considered by the Court, your objection must, by [Objection Deadline], be filed with the Court.

If you do not comply with these procedures and the deadline for objections, you may waive your opportunity to have your Objection considered at the Final Approval Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed Settlement. You will still be eligible to receive settlement benefits if the Settlement becomes final, even if you object to the Settlement.

Objecting Class Members may appear at the Final Approval Hearing but are not required to do so. If not stated in the Objection, Objecting Class Members or their attorneys who intend to appear at the Final Approval Hearing must file with the Court a Notice of Intent to Appear no later than twenty (20) days before the Final Approval Hearing.

Instructions and requirements for objecting are set forth in the Court's Preliminary Approval Order, which is available on the Class Settlement Website, [insert].

| 18. | What is the difference between objecting and excluding myself? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## The Lawyers Representing You

| 19. | Do I have a lawyer in the case? |
|---|---|

Yes. The Court has appointed Fitzgerald Joseph LLP as Class Counsel. The lawyers representing you will be paid, only with the Court's approval, from the Settlement Fund, as explained below in Question 20. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 20. | How will the lawyers be paid? |
|---|---|

Class Counsel spent considerable time and effort prosecuting this matter on a purely contingent fee basis, and advanced the expenses of the litigation, in the expectation that they would receive a fee, and have expenses reimbursed, only if there was a benefit created for the Class. Class Counsel will file a motion on or before [Fee Motion Deadline] seeking an award of fees of no more than 25% of the Settlement Fund, or $375,000, and reimbursement of case expenses totaling approximately $25,000, plus any expenses incurred after preliminary approval. Class Counsel will also ask the Court, on behalf of the Class Representative, for a service award of $5,000.

After Class Counsel's motion for attorneys' fees, expenses, and a service award is filed on or before [Fee Motion Deadline], it will be posted on the Settlement Website, [insert], and you will have an opportunity to review and comment on the motion via an Objection. The Court will then determine the amount of fees, expenses, and service award, which will be paid from the Settlement Fund.

Questions? Visit [insert website] or call toll free [insert number]

Page 7 of 9

## Notice and Administration Expenses

| 21. | How will notice and administration expenses be paid? |
|---|---|

Using the Class Administrator's estimates regarding the Class size and likely claims rate, notice and administration expenses, to be paid from the Settlement Fund, are currently estimated to be $249,441.

## The Court's Final Approval Hearing

| 22. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing (sometimes called a "fairness hearing") on [DATE], 2021, at [TIME]., in Courtroom F of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and may also consider how much to award to Class Counsel and the Class Representative. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement.

| 23. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions that the Court may have, but you may come at your own expense. If you file an objection, you do not have to come to the Court to talk about it. You may also pay your own lawyer to attend, but it is not necessary.

| 24. | May I speak at the hearing? |
|---|---|

Only if you have filed a timely objection to the Settlement, Objecting Class Members or their attorneys who intend to appear at the Final Approval Hearing must, if not stated in the Objection itself, file with the Court a Notice of Intent to Appear no later than twenty (20) days before the Final Approval Hearing.

## If You Do Nothing

| 25. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not get a payment from the Settlement but you will still be bound by the release. Unless you exclude yourself, if the Settlement is approved, you will not be able to start a lawsuit, or be part of any other lawsuit against Welch or its affiliates regarding the Released Claims.

Questions? Visit [insert website] or call toll free [insert number]

## Getting More Information

| 26. | How can I get more information? |
|-----|--------------------------------|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement and in case documents, available at the Settlement Website, [insert]. If you have additional questions, you can visit the Settlement Website or contact the Class Administrator:

**By Mail:**                    [insert address]

**By Email:**                   [insert]

**By Phone (Toll Free):**       [insert]

Updates will be posted at the Settlement Website, as information about the Settlement process becomes available.

You are also welcome to contact Class Counsel with any questions:

**By Email:**    jack@fitzgeraldjoseph.com

**By Phone:**    (619) 215-1741

For a more detailed statement of the matters involved in the litigation or the Settlement, you may review the various documents on the Settlement Website, and/or the other documents filed in this case by visiting, during business hours, the Clerk's Office at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, file: *Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS, or by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

*              *              *

**PLEASE DO NOT TELEPHONE OR ADDRESS ANY QUESTIONS ABOUT THE CASE OR SETTLEMENT TO THE CLERK OF THE COURT OR TO THE JUDGE. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS. THE COURT EXPRESSES NO VIEW AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY ANY PARTY TO THE ACTION.**

Questions? Visit [insert website] or call toll free [insert number]

# Exhibit 2

<u>LEGAL NOTICE</u>

**If You Purchased Welch's 100% Grape Juice Concord Grape, 100% Juice Red Sangria, or 100% Black Cherry Concord Grape Juice in the United States between March 23, 2016 and October 1, 2021, You May Be Affected by a Proposed Class Action Settlement.**

*The United States District Court has authorized this notice. This is not a solicitation from a lawyer.*

A proposed settlement has been reached in a case involving Welch Foods Inc. ("Welch") alleging that labeling three 100% juice products with claims that they help support a healthy heart are misleading. The case is *Hanson v. Welch Foods Inc.*, Case No. 3:20-cv-02011-JCS (N.D. Cal.). Welch denies the allegations and denies any wrongdoing whatsoever.

This is only a summary of the key settlement terms. A full copy of the Settlement Agreement and Class Notice is available at [insert], or by calling [insert].

### Who is Included?

The Settlement Class includes all persons in the United States who, between March 23, 2016 and October 1, 2021 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, certain Welch's juices. See the Settlement Website, [insert], for the specific juice products included in the Settlement.

### What Does the Settlement Provide?

The proposed settlement will provide the Class with $1,500,000 in monetary benefits (the "Settlement Fund"); and with injunctive relief in the form of labeling changes Welch has agreed to make.

### Who Can Receive a Payment?

Each Class Member household that timely submits a valid approved claim is entitled to compensation. Each timely, valid claimant will receive a payment based on the number of Class Products purchased during the Class Period. The amount of the Settlement Payment any individual receives will depend on both the total number of claims made, and each claimant's purchase history.

Claim Forms and more information about the claims process are available on the Settlement Website, [insert]. **The deadline for submitting a claim is [Claims Deadline].**

### What are Class Members' Other Options?

Class Members may opt out of this Settlement. A Class Member who opts out will retain rights to sue Welch separately but will not be eligible to receive any compensation under the Settlement. To opt out, a Class Member must submit an Opt-Out Form on the Settlement Website, [insert]. Alternatively, Opt-Out Forms can be downloaded, filled out, and mailed to the Class Administrator at: [insert]. **Opt-Out Forms must be submitted online or postmarked on or before [Opt-Out Deadline].**

Class Members may also object to any part of this Settlement by filing an Objection with the Court. Further details regarding the procedures for objecting are available at [website]. **Objections must be filed on or before [Objection Deadline].**

### Has the Court Approved the Settlement?

The Court has not yet approved the Settlement but has set a Final Approval Hearing for [date], 2021, at [time], to determine whether the Settlement is fair, reasonable, and adequate for the Class. The Court will also consider during that hearing whether and in what amount to award attorneys' fees and expenses to Class Counsel, and service awards to the Class Representative, which shall come from the Settlement Fund, along with Notice and Administration expenses currently estimated at $249,411. Prior to making that determination, the Court will set a deadline for Class Counsel to make a motion, the motion will be posted on the Settlement Website, [insert], and Class Members will have an opportunity to respond and object.

As described further on the Settlement Website, Class Counsel intend to seek an award of fees of up to 25% of the Settlement Fund (or $375,000), and reimbursement of case expenses of approximately $25,000, along with a service award for the Class Representative in the amount of $5,000.

The Court has appointed Fitzgerald Joseph LLP as Class Counsel. The lawyers representing you will be paid, only with the Court's approval, from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. For more information, or to view the motion for attorneys' fees, expenses, and service award after it is filed on or before [Fee Motion Deadline], please visit the Settlement Website, [insert].

**PLEASE DO NOT CALL OR WRITE THE COURT FOR INFORMATION OR ADVICE.**

# Exhibit 3

1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

7
8

CURTIS HANSON, on behalf of himself, all others
similarly situated, and the general public,

Case No. 3:20-cv-02011-JCS

Plaintiff,

**[PROPOSED] ORDER GRANTING**
**MOTION FOR FINAL APPROVAL OF**
**CLASS SETTLEMENT AND FINAL**
**ORDER OF DISMISSAL**

v.

WELCH FOODS INC.,

Judge: Hon. Joseph C. Spero

Defendant.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court having held a Final Approval Hearing on _____, 2022, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Granting Preliminary Approval of the Class Action Settlement, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and good cause appearing therefore,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1.  <u>Incorporation of Other Documents</u>. The Settlement Agreement dated October 1, 2021, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.  <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order: All persons in the United States who, between March 23, 2016 and October 1, 2021 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products identified in the Settlement Agreement.[1] Excluded from the Settlement Class are (i) those who purchased the Class Products for purpose of resale or distribution; (ii) Welch and its officers, directors and employees; (iii) all persons who validly excluded themselves from the Settlement Class according to the terms of this Court's Preliminary Approval Order; and (iv) the Judge to whom this Action is assigned and any members of his immediate family.

3.  <u>Class Certification</u>. For purposes of settlement only, the Settlement Class, as defined in the Settlement Agreement and above, meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and 23(b). Accordingly, for purposes of settlement, the Court finally certifies the Settlement Class.

4.  <u>Adequate Representation</u>. The Class Representative and Class Counsel have adequately represented the Settlement Class in accordance with Federal Rule of Civil Procedure 23(e)(2)(A).

5.  <u>Arms-Length Negotiations</u>. The Settlement Agreement is the product of arms-length settlement negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other, in accordance with Federal Rule of Civil Procedure 23(e)(2)(B).

---

[1] The Class Products specifically consist of: (i) Welch's 100% Grape Juice Concord Grape; (ii) Welch's 100% Juice Red Sangria; and (iii) Welch's 100% Black Cherry Concord Grape Juice.

6.     <u>Class Notice</u>. The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

7.     <u>CAFA Notice</u>. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.     <u>Settlement Class Response</u>. A total of _____ Settlement Class Members submitted timely and proper Requests for Exclusion, as reported in the declaration of the Class Administrator submitted to this Court. The Court hereby orders that each of the individuals listed by the Class Administrator as having submitted a valid Request for Exclusion is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9.     <u>Objections</u>. A total of _____ Settlement Class Members submitted timely and proper Objections to the Settlement Agreement. Having considered those Objections and the Parties' responses to them, the Court finds that none of the Objections is well founded. The relief provided to the Settlement Class pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorneys' fees this Court has awarded. *See* Fed. R. Civ. P. 23(e)(2)(C)(i), (iii). The Settlement also treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

10.    <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure; the Court therefore directs its consummation pursuant to its terms and conditions.

*Hanson v. Welch Foods, Inc.*, No. 3:20-cv-02011-JCS
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

11.    <u>Attorneys' Fees and Costs; Service Award</u>. The Court approves Class Counsel's application for attorneys' fees and costs in the amount of $ _____ in fees and $ _____ in costs; and approves a service award of $ _____ for Class Representative Curtis Hanson. The Settlement Agreement provides for Class Counsel's Fee Award to be paid before the time to appeal this Order has expired. If the Fee Award is voided or reduced on appeal, either directly or as a result of the final approval of the Settlement as a whole being vacated, overturned, reversed, or rendered void as a result of an appeal, Class Counsel shall, within thirty (30) calendar days, repay to the Settlement Fund or to Welch, as appropriate, the affected amount of the attorneys' fees and costs paid to Class Counsel, in accordance with the directions in the Settlement Agreement. By receiving any payments pursuant to the Settlement Agreement, Class Counsel submits to the jurisdiction of this Court for the enforcement of the reimbursement obligation set forth herein and in the Settlement Agreement. If Class Counsel fails to timely repay the attorneys' fees and costs that are owed under this provision, the Court shall be entitled, upon application of Welch and notice to Class Counsel, to summarily issue orders, including but not limited to judgments and attachment orders against Class Counsel, and the prevailing party shall be entitled to reimbursement from the other party of any attorneys' fees and costs incurred in connection with Welch seeking such repayment.

12.    <u>Dismissal</u>. The Court hereby DISMISSES WITH PREJUDICE, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action, as defined in the Settlement Agreement.

13.    <u>Release</u>. Upon the Effective Date as defined in the Settlement Agreement, Plaintiff and each and every Releasing Party as defined in the Settlement Agreement, fully, finally, and forever releases, relinquishes, and discharges each of the Released Parties from all Released Claims.

14.    <u>Injunction Against Released Claims</u>. Each and every Releasing Party, and any person actually or purportedly acting on behalf of any Releasing Party, is hereby permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party, directly or indirectly, in any court or any forum (including but not limited to any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. <u>Release Related to Prosecution, Defense and Resolution of the Action.</u>  Each and every Released Party, and any person actually or purportedly acting on behalf of any Released Party, is hereby permanently barred and enjoined from initiating, asserting and/or prosecuting any claims or causes of action against any Releasing Party and/or their respective counsel, including Class Counsel, arising out of or relating to the filing, institution, prosecution and resolution of the Action, except to enforce terms and conditions contained in the Settlement Agreement.  Each and every Releasing Party, and any person actually or purportedly acting on behalf of any Releasing Party, is hereby permanently barred and enjoined from initiating, asserting and/or prosecuting any claims or causes of action against any Released Party and/or their respective counsel, arising out of or relating to the filing, institution, prosecution, defense and resolution of the Action, except to enforce terms and conditions contained in the Settlement Agreement.

16. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

17. <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action involving Defendant.

18. <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

19.     <u>Injunctive Relief</u>. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

20.     <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment and this Final Approval Order, this Court retains continuing and exclusive jurisdiction with respect to (a) the interpretation, implementation, administration, and enforcement of the terms of the Agreement, this Final Approval Order, and the Judgment, and all matters ancillary to the same, (b) addressing settlement administration matters, and (c) addressing such post-Judgment matters as may be appropriate under court rules or applicable laws.

21.     <u>Post-Distribution Accounting</u>. Within 21 days after the distribution of the settlement funds to Class Members, the Parties should file a Post-Distribution Accounting in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements.

22.     <u>Entry of Judgment</u>. The Clerk of the Court is directed to enter Judgment.

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
Hon. Joseph C. Spero
United States Magistrate Judge

*Hanson v. Welch Foods, Inc.*, No. 3:20-cv-02011-JCS
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

# Exhibit 4

1

2

3                        **UNITED STATES DISTRICT COURT**
                        **NORTHERN DISTRICT OF CALIFORNIA**
4

5    CURTIS HANSON, on behalf of himself, all others
     similarly situated, and the general public,
6
                                                          Case No. 3:20-cv-02011-JCS
7              Plaintiff,
                                                          **[PROPOSED] JUDGMENT**
8                          v.
                                                          Judge: Hon. Joseph C. Spero
9    WELCH FOODS INC.,

10             Defendant.

11

12           This action came for hearing on Plaintiff's Motion for Final Approval of Class Action Settlement

13   before the Court on _____, 2022.

14           Judgment is hereby entered in accordance with the Court's Order Granting Motion for Final

15   Approval of Class Settlement and Final Order of Dismissal (the "Final Approval Order"), pursuant to

16   Federal Rule of Civil Procedure 58, and the claims in this action are dismissed on the merits and with

17   prejudice according to the terms of the parties' Class Action Settlement Agreement and the Final Approval

18   Order, without costs to any party except as provided therein.

19           LET JUDGMENT BE ENTERED ACCORDINGLY.

20

21

22   Dated: _____, 2022

23                                                        _____
                                                          Hon. Joseph C. Spero
24                                                        United States Magistrate Judge

25

26

27

28

# **Exhibit 5**

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8

9    CURTIS HANSON, on behalf of himself, all others
similarly situated, and the general public,    Case No. 3:20-cv-02011-JCS

10    Plaintiff,    **[PROPOSED] ORDER GRANTING**
**MOTION FOR PRELIMINARY**
11    v.    **APPROVAL OF CLASS SETTLEMENT**

12    WELCH FOODS INC.,    Judge: Hon. Joseph C. Spero

13    Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, the above-entitled action is pending before this Court (the "Action");

2    WHEREAS, Plaintiff Curtis Hanson has moved, pursuant to Federal Rule of Civil Procedure 23(e),

3    for an order approving the Settlement of this Action in accordance with the October 1, 2021 Class Action

4    Settlement Agreement ("Agreement" or "Settlement Agreement") attached as Exhibit 1 to the Declaration

5    of Jack Fitzgerald in Support of Plaintiff's October 1, 2021 Motion for Preliminary Approval of Class

6    Settlement (the "Motion"), which Settlement Agreement sets forth the terms and conditions for a proposed

7    classwide settlement of the Action;

8    WHEREAS, the Court, has read and considered the Settlement Agreement, Plaintiff's Motion, and

9    the arguments of counsel;

10    **NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

11    1.    <u>Settlement Terms</u>. All capitalized terms herein have the same meanings ascribed to them in

12    the Settlement Agreement.

13    2.    <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the action and over all

14    parties to the action, including all members of the Settlement Class.

15    3.    <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court finds that, subject to

16    the Final Approval Hearing, the proposed Settlement Agreement is fair, reasonable, adequate, and within

17    the range of possible approval considering the possible damages at issue and defenses to overcome. The

18    Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-

19    length negotiations, involving experienced counsel familiar with the legal and factual issues of this case;

20    and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the

21    Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Therefore, the Court grants preliminary approval

22    of the Settlement.

23    4.    <u>Class Certification for Settlement Purposes Only</u>. The Court conditionally certifies, for

24    settlement purposes only, a Settlement Class defined as all persons in the United States who, between March

25    23, 2016 and October 1, 2021 (the "Class Period"), purchased in the United States, for household use and

26    not for resale or distribution, any of the Class Products which consist of the following:

27    (a)    Welch's 100% Grape Juice Concord Grape
28    (b)    Welch's 100% Juice Red Sangria

1

(c)      Welch's 100% Black Cherry Concord Grape Juice

5.      The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff and proposed Class Representative are typical of the claims of the Settlement Class; (d) the Plaintiff and proposed Class Representative and his counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      <u>Class Representative</u>. The Court appoints Plaintiff Curtis Hanson as Class Representative.

7.      <u>Class Counsel</u>. The Court appoints Jack Fitzgerald, of Fitzgerald Joseph LLP, as Class Counsel.

8.      <u>Settlement Class Administrator</u>. The Court hereby approves  Postlethwaite & Netterville, APAC ("P&N") to act as Class Administrator.  P&N shall be required to perform all the duties of the Class Administrator as set forth in the Agreement and this Order.

9.      <u>Qualified Settlement Fund</u>. P&N is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by P&N operating as Class Administrator of the Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Settlement Fund. Any interest proceeds and/or income earned by the Settlement Fund shall remain in the Settlement Fund and be used to pay Settlement expenses.

10.     <u>Class Notice</u>.  The Court approves the form and content of the Class Notice in the long form attached to the Settlement Agreement as Exhibit 1, the short form attached to the Settlement Agreement as Exhibit 2, and the other forms of notice submitted with Plaintiff's Motion for Preliminary Approval. The

1    Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement and in P&N's

2    Notice Plan as set forth in the October 1, 2021 Declaration of Brandon Schwartz meets the requirements of

3    Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable

4    under the circumstances. Accordingly, the Court hereby approves the Notice Plan.

5         11.    Objection and Exclusion Deadline. Settlement Class Members who wish to object to the

6    Settlement must do so by the Objection Deadline of _____, 2021.  Settlement Class Members

7    who wish to exclude themselves from the Settlement must do so by the Opt-Out Deadline of

8    _____, 2021. Settlement Class Members may not both object to and exclude themselves from the

9    Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the

10   Request for Exclusion will be controlling.

11        12.    Exclusion from the Settlement Class. To submit a Request for Exclusion, Settlement Class

12   Members must follow the directions in the Notice and submit online at the Settlement Website by the Opt-

13   Out Deadline, or send a compliant request to the Class Administrator at the address designated in the Class

14   Notice, postmarked by the Opt-Out Deadline. No Request for Exclusion may be made on behalf of a group

15   of Settlement Class Members.

16        13.    All Settlement Class Members who submit a timely, valid Request for Exclusion will be

17   excluded from the Settlement and will not be bound by the terms of the Settlement Agreement and any

18   determinations and judgments concerning it. All Settlement Class Members who do not submit a valid

19   Request for Exclusion by the Opt-Out Deadline, in accordance with the terms set forth in the Agreement,

20   will be bound by all determinations and judgments concerning the Agreement.

21        14.    Objections to the Settlement. To object to the Settlement, Settlement Class Members should

22   follow the directions in the Notice and file with the Court a written Objection by the Objection Deadline. In

23   the written Objection, the Settlement Class Member should include (i) a caption or title that clearly identifies

24   the Action and that the document is an objection, (ii) the Settlement Class Member's name, current address,

25   email and telephone number, or—if objecting through counsel—his or her lawyer's name, address, email

26   and telephone number, (iii) a statement of the Class Product(s) the Settlement Class Member bought during

27   the Class Period, (iv) a statement of the Settlement Class Member's objection and the grounds supporting

28

the objection, including any facts and/or law supporting the objection, (v) copies of any papers, briefs, or other documents upon which the objection is based, (vi) the name and case number for all actions in which the Settlement Class Member has objected to a class action settlement in the past five (5) years, (vii) a statement indicating whether the Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel, (viii) the Settlement Class Member's signature, and (vi) the signature of the Settlement Class Member's counsel, if any. Upon the Court's Order at the Parties' request, the Parties will have the right to obtain document discovery from and take depositions of any objecting Settlement Class Member on topics relevant to the Objection.

15.    Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. If not stated in the Objection itself, unless otherwise ordered by the Court, such Class Members are required to file with the Court a Notice of Intent to Appear no later than twenty (20) days before the Final Approval Hearing.

16.    All members of the Settlement Class, except those who submit timely, valid Requests for Exclusion, will be bound by all determinations and judgments regarding the Settlement, whether favorable or unfavorable to the Settlement Class.

17.    <u>Submission of Claims</u>. To receive a Settlement Payment, Settlement Class Members must follow the directions in the Class Notice and file a claim with the Class Administrator by the Claims Deadline of _____, 2021. Settlement Class Members who do not submit a timely, valid claim will not receive a Settlement Payment, but will be bound by the Settlement.

18.    <u>Schedule of Future Events</u>. The Court adopts the schedule proposed by Plaintiff, as follows (with Day "0" the date of this Order):

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date of Preliminary Approval Order | 0 | - |
| Deadline to commence 63-day notice period | 21 | 3 weeks |
| Deadline for Plaintiff to file Motion for Attorneys' Fees, Costs, and Service Award | 49 | 7 weeks |
| Notice completion date, and deadline to make a claim, opt out, and object | 84 | 12 weeks |

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Deadline for Plaintiff to file Motion for Final Approval | 98 | 14 weeks |
| Final Approval Hearing | 119 | 17 weeks |

19.    <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for _____, 2022, at _____, for the Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment should be entered; and to determine the amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service award to Plaintiff. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

20.    <u>Stay of Proceedings</u>. All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

21.    Pending the final determination of whether the Settlement should be approved, the Class Representative, all Settlement Class Members, and any Persons representing or purporting to represent or to pursue claims on behalf of the Class Representative and/or Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, prosecuting, intervening in, or participating in, either directly or indirectly, any claims or causes of action relating to the Action or the Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until a Final Approval Order is entered or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate and is ordered in aid of this Court's

jurisdiction and to protect its judgments. This injunction does not apply to any person who submits a timely, valid Request for Exclusion.

22.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

23.    <u>No Admission of Liability.</u> By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant. Furthermore, the Agreement and any negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

24.    <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

Dated: _____, 2021          _____

Hon. Joseph C. Spero
United States Magistrate Judge

6