**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS HANSON, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>WELCH FOODS INC.,<br><br>Defendant. | Case No. 3:20-cv-02011-JCS<br><br>[PROPOSED] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL ORDER OF DISMISSAL**<br><br>Judge: Hon. Joseph C. Spero |

The Court having held a Final Approval Hearing on April 15, 2022, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Granting Preliminary Approval of the Class Action Settlement, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and good cause appearing therefore,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. <u>Incorporation of Other Documents</u>. The Settlement Agreement dated December 3, 2021, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order: All persons in the United States who, between March 23, 2016 and October 1, 2021 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products identified in the Settlement Agreement.[1] Excluded from the Settlement Class are (i) those who purchased the Class Products for purpose of resale or distribution; (ii) Welch and its officers, directors and employees; (iii) all persons who validly excluded themselves from the Settlement Class according to the terms of this Court's Preliminary Approval Order; and (iv) the Judge to whom this Action is assigned and any members of his immediate family.

3. <u>Class Certification</u>. For purposes of settlement only, the Settlement Class, as defined in the Settlement Agreement and above, meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and 23(b). Accordingly, for purposes of settlement, the Court finally certifies the Settlement Class.

4. <u>Adequate Representation</u>. The Class Representative and Class Counsel have adequately represented the Settlement Class in accordance with Federal Rule of Civil Procedure 23(e)(2)(A).

5. <u>Arms-Length Negotiations</u>. The Settlement Agreement is the product of arms-length settlement negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other, in accordance with Federal Rule of Civil Procedure 23(e)(2)(B).

---

[1] The Class Products specifically consist of: (i) Welch's 100% Grape Juice Concord Grape; (ii) Welch's 100% Juice Red Sangria; and (iii) Welch's 100% Black Cherry Concord Grape Juice.

6. <u>Class Notice</u>. The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

7. <u>CAFA Notice</u>. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8. <u>Settlement Class Response</u>. A total of seven (7) Settlement Class Members submitted timely and proper Requests for Exclusion, as reported in the declaration of the Class Administrator submitted to this Court. The Court hereby orders that each of the individuals listed by the Class Administrator as having submitted a valid Request for Exclusion is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9. <u>Objections</u>. No timely and proper Objections to the Settlement Agreement were submitted. The relief provided to the Settlement Class pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorneys' fees this Court has awarded. *See* Fed. R. Civ. P. 23(e)(2)(C)(i), (iii). The Settlement also treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

10. <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure; the Court therefore directs its consummation pursuant to its terms and conditions.

11. <u>Attorneys' Fees and Costs; Service Award</u>. The Court approves Class Counsel's application for attorneys' fees and costs in the amount of $ 375,000 in fees and $ 24,196 in costs; and approves a service award of $5,000 for Class Representative Curtis Hanson. The Settlement Agreement provides for Class Counsel's Fee Award to be paid before the time to appeal this Order has expired. If the Fee Award is

voided or reduced on appeal, either directly or as a result of the final approval of the Settlement as a whole being vacated, overturned, reversed, or rendered void as a result of an appeal, Class Counsel shall, within thirty (30) calendar days, repay to the Settlement Fund or to Welch, as appropriate, the affected amount of the attorneys' fees and costs paid to Class Counsel, in accordance with the directions in the Settlement Agreement. By receiving any payments pursuant to the Settlement Agreement, Class Counsel submits to the jurisdiction of this Court for the enforcement of the reimbursement obligation set forth herein and in the Settlement Agreement. If Class Counsel fails to timely repay the attorneys' fees and costs that are owed under this provision, the Court shall be entitled, upon application of Welch and notice to Class Counsel, to summarily issue orders, including but not limited to judgments and attachment orders against Class Counsel, and the prevailing party shall be entitled to reimbursement from the other party of any attorneys' fees and costs incurred in connection with Welch seeking such repayment.

12. <u>Dismissal</u>. The Court hereby DISMISSES WITH PREJUDICE, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action, as defined in the Settlement Agreement.

13. <u>Release</u>. Upon the Effective Date as defined in the Settlement Agreement, Plaintiff and each and every Releasing Party as defined in the Settlement Agreement, fully, finally, and forever releases, relinquishes, and discharges each of the Released Parties from all Released Claims.

14. <u>Injunction Against Released Claims</u>. Each and every Releasing Party, and any person actually or purportedly acting on behalf of any Releasing Party, is hereby permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party, directly or indirectly, in any court or any forum (including but not limited to any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. <u>Release Related to Prosecution, Defense and Resolution of the Action</u>. Each and every Released Party, and any person actually or purportedly acting on behalf of any Released Party, is hereby permanently barred and enjoined from initiating, asserting and/or prosecuting any claims or causes of action against any Releasing Party and/or their respective counsel, including Class Counsel, arising out of or

1 relating to the filing, institution, prosecution and resolution of the Action, except to enforce terms and conditions contained in the Settlement Agreement. Each and every Releasing Party, and any person actually or purportedly acting on behalf of any Releasing Party, is hereby permanently barred and enjoined from initiating, asserting and/or prosecuting any claims or causes of action against any Released Party and/or their respective counsel, arising out of or relating to the filing, institution, prosecution, defense and resolution of the Action, except to enforce terms and conditions contained in the Settlement Agreement.

16. **No Admission of Liability**. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

17. **Findings for Purposes of Settlement Only**. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action involving Defendant.

18. **Effect of Termination or Reversal**. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Plaintiff to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

19. **Injunctive Relief**. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

20. **Retention of Jurisdiction**. Without affecting the finality of the Judgment and this Final Approval Order, this Court retains continuing and exclusive jurisdiction with respect to (a) the

interpretation, implementation, administration, and enforcement of the terms of the Agreement, this Final Approval Order, and the Judgment, and all matters ancillary to the same, (b) addressing settlement administration matters, and (c) addressing such post-Judgment matters as may be appropriate under court rules or applicable laws.

21. <u>Post-Distribution Accounting</u>. Within 21 days after the distribution of the settlement funds to Class Members, the Parties should file a Post-Distribution Accounting in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements.

22. <u>Entry of Judgment</u>. The Clerk of the Court is directed to enter Judgment.

23. The Class Administrator's fees and costs are approved in the amount of $324,657.82.

**IT IS SO ORDERED.**

Dated: \_\_April 15\_\_, 2022

_____
Hon. Joseph C. Spero
United States Magistrate Judge